FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 2 2 2021

SEAN F. MCAVOY, CLERK
————————————, DEPUTY
YAKIMA, WASHINGTON

1  Joseph H. Harrington
2  Acting United States Attorney
   Eastern District of Washington
3  Richard C. Burson
   Todd M. Swensen
4  Assistant United States Attorneys
5  402 E. Yakima Ave., Suite 210
6  Yakima, WA 98901
   Telephone: (509) 454-4425
7

8            UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF WASHINGTON
9

10  UNITED STATES OF AMERICA,
                                    1:20-CR-02030-SMJ-1
11              Plaintiff,
12                                  Plea Agreement
13        v.
14
15  ORLANDO RAUL RODRIGUEZ,
16              Defendant.
17

18

19       Plaintiff United States of America, by and through Joseph H. Harrington,

20  Acting United States Attorney for the Eastern District of Washington, and Richard

21  C. Burson and Todd M. Swensen, Assistant United States Attorneys for the Eastern

22  District of Washington, and Defendant Orlando Raul Rodriguez (hereinafter

23  "Defendant"), and the Defendant's counsel, Craig Webster, Esq., agree to the

24  following Plea Agreement:

25       1. Guilty Plea and Maximum Statutory Penalties:

26       The Defendant agrees to plead guilty to Count 1 of the Second Superseding

27  Indictment filed on May 12, 2021 charging the Defendant with Felon in Possession

28

Plea Agreement                    1

of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2);
and Count 4 of the Second Superseding Indictment charging the Defendant with
Brandishing a Firearm in Furtherance of a Crime of Violence in violation of 18
U.S.C. § 924(c)(1)(A)(ii).

The Defendant understands that the maximum statutory penalty for Felon in
Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1),
924(a)(2), is not more than 10 years imprisonment; a fine of up to $250,000; or
both; not more than 3 years of supervised release; and a $100 special assessment.

The Defendant understands that the statutory penalty for Brandishing a
Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. §
924(c)(1)(A)(ii), is not less than 7 years imprisonment and up to life imprisonment;
a fine of $250,000; or both; a term of supervised release of not more than 5 years;
and a $100 special penalty assessment.

The Defendant understands that a violation of a condition of supervised
release carries an additional penalty of re-imprisonment for all or part of the term
of supervised release without credit for time previously served on post-release
supervision.

2. The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this
Plea Agreement. Sentencing is a matter that is solely within the discretion of the
Court. The Defendant understands that the Court is under no obligation to accept
any recommendations made by the United States and/or by the Defendant; that the
Court will obtain an independent report and sentencing recommendation from the
U.S. Probation Office; and that the Court may, in its discretion, impose any
sentence it deems appropriate up to the statutory maximums stated in this Plea
Agreement.

The Defendant acknowledges that no promises of any type have been made

to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

3.  Waiver of Constitutional Rights:

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

        a.  The right to a jury trial;

        b.  The right to see, hear and question the witnesses;

        c.  The right to remain silent at trial;

        d.  The right to testify at trial; and

        e.  The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney.

4.  Elements of the Offenses:

The United States and the Defendant agree that in order to convict the Defendant of Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), as charged in the Second Superseding Indictment, the United States must prove beyond a reasonable doubt the following elements:

First, on or about March 9, 2020, the Defendant knowingly possessed a Ruger SR9C 9mm pistol bearing serial number 332-01131; 8 rounds of Cascade

Plea Agreement                    3

Cartridge Inc., Blazer 9mm caliber ammunition; 15 rounds of Winchester, Luger 9mm caliber ammunition; and 23 rounds of Federal, Luger 9mm caliber ammunition;

Second, the firearm and ammunition had been shipped from one state to another or between a foreign nation and the United States;

Third, at the time the Defendant possessed the firearm and ammunition, Defendant had been convicted of Unlawful Sale of a Firearm in violation of 18 U.S.C. § 922(d), which is a crime punishable by imprisonment for a term exceeding one year; and

Fourth, at the time the Defendant possessed the firearm and ammunition, the Defendant knew he had been convicted of Unlawful Sale of a Firearm in violation of 18 U.S.C. § 922(d).

*9th Cir. Model Jury Instr. 8.65A (Approved 2019)(modified).*

The United States and the Defendant agree that in order to convict the Defendant of Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), as charged in the Second Superseding Indictment, the United States must prove beyond a reasonable doubt the following elements:

First, the Defendant committed the crime of carjacking, as charged in Count 2 of the Second Superseding Indictment, which is a crime of violence;

Second, the Defendant knowingly possessed a Ruger 10-22 .22LR caliber rifle bearing serial number 242-44238; and

Third, the Defendant brandished the firearm in furtherance of the carjacking.

*9th Cir. Model Jury Instr. 8.72 (Approved 4/2011)(modified).*

5.  <u>Factual Basis and Statement of Facts:</u>

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a

Plea Agreement                          4

1  reasonable doubt at trial; and these facts constitute an adequate factual basis for
2  Defendant's guilty plea. This statement of facts does not preclude either party from
3  presenting and arguing, for sentencing purposes, additional facts which are
4  relevant to the guideline computation or sentencing, unless otherwise prohibited in
5  this agreement.
6          *Count 1 – Felon in Possession of a Firearm and Ammunition*
7          On March 9, 2020, in the Eastern District of Washington, Yakima Police
8  Department officers investigating a property crime attempted to contact the
9  Defendant in a residential neighborhood. The Defendant fled and ran between two
10 houses. The Defendant was apprehended and placed under arrest behind one of the
11 houses.
12         The resident of the house behind which the Defendant was arrested had been
13 sitting outside of her residence and heard a loud bang coming from the awning of
14 her residence. She went to investigate and found a Ruger SR9C 9mm pistol
15 bearing serial number 332-01131 laying in her yard. The resident saw the
16 Defendant standing nearby just before he was arrested. The residence subsequently
17 turned the firearm over to police. Police rendered the firearm safe and recovered
18 from the magazine of the firearm 4 rounds of Winchester, Luger 9mm caliber
19 ammunition and 13 rounds of Federal, Luger 9mm caliber ammunition.
20         Police also searched the Defendant's backpack that the Defendant had been
21 wearing just prior to his arrest. From the Defendant's backpack, police seized 8
22 rounds of Cascade Cartridge Inc., Blazer 9mm caliber ammunition; 11 rounds of
23 Winchester, Luger 9mm caliber ammunition; and 10 rounds of Federal, Luger
24 9mm caliber ammunition.
25         The firearm and the backpack, including the above listed ammunition seized
26 from each, had been knowingly possessed by the Defendant just prior to its seizure
27 by police. At the time the Defendant possessed the above listed firearm and
28

Plea Agreement                          5

ammunition, the Defendant had been convicted of Unlawful Sale of a Firearm in violation of 18 U.S.C. § 922(d), which is a crime punishable by imprisonment for a term exceeding one year, and knew that he had been convicted of such offense.

*Count 4 – Brandishing a Firearm in Furtherance of a Crime of Violence*

On July 5, 2020, a man named Derek Martinez approached a man named J.H. outside of a restaurant near the intersection of S 4th Avenue and W. Walnut Street in Yakima, Washington. Martinez and J.H. spoke briefly near J.H.'s car before Martinez asked J.H. to drive Martinez to the Martinez's car, which was parked behind an auto parts store located at 305 N 5th Avenue in Yakima, Washington. J.H. drove Martinez to this location in J.H.'s 1996 Honda Accord, a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce. J.H.'s significant other, K.S., was also in the vehicle.

J.H. parked his car behind the auto parts store located at 305 N 5th Avenue in Yakima, Washington. Shortly after, a green Ford Explorer driven by a man named Jesse Johnson arrived and parked behind J.H.'s vehicle in such a manner as to prevent J.H.'s vehicle from leaving the location. The Defendant and a woman named Cherrish Irean Jensen got out of the green Ford Explorer. The Defendant approached the front driver's side of J.H.'s Honda Accord, where J.H. was sitting in the driver's seat. The Defendant was carrying a Ruger 10-22 .22LR caliber rifle bearing serial number 242-44238. The Defendant ordered J.H. out of the car while brandishing and pointing the rifle at J.H. J.H. complied and exited the Honda Accord. Jensen ordered J.H. to hand over his cell phone and walk away from the scene. J.H. gave his cell phone to Jensen and walked away with K.S.

Jensen got into the driver's seat of the Honda Accord. The Defendant and Martinez also got into J.H.'s Honda Accord. The three drove away in J.H.'s Honda Accord. Johnson followed in the Ford Explorer. Jensen drove J.H.'s Honda Accord to a residential complex at 810 N 6th Avenue in Yakima, Washington. The

Plea Agreement                                            6

Defendant, Jensen, and Martinez exited J.H.'s Honda Accord. The Defendant, Jensen, and Martinez took several items of J.H.'s personal property out of J.H.'s Honda Accord and loaded them into the green Ford Explorer that Johnson had followed them in. The Defendant, Jensen, and Martinez got into Johnson's green Ford Explorer and Johnson drove away, leaving J.H.'s Honda Accord parked within the residential complex.

Johnson drove the green Ford Explorer, with the Defendant, Jensen, and Martinez as passengers, past a hardware store located at 405 W. Yakima Avenue in Yakima, Washington, where J.H. and K.S. where talking to Yakima Police Department officers in the parking lot. Police officers at that location conducted a vehicle stop and pulled over the Ford Explorer driven by Johnson.

Martinez exited the vehicle and was placed under arrest. The Defendant, Johnson, and Jensen were ordered out of the vehicle and arrested. Police officers observed from outside the vehicle what appeared to be the stock of a wood handled rifle laying on the backseat floorboard of Johnson's green Ford Explorer. A police officer called J.H.'s cell phone number, provided by J.H., and heard a cell phone ringing in Johnson's Ford Explorer.

J.H. was brought to the location of the vehicle stop and identified the Defendant as the individual who had pointed the rifle at him; Johnson as the one who had driven Jensen and the Defendant to the scene of the robbery, and Martinez as the one who had approached him at the restaurant near the intersection of S 4th Avenue and W. Walnut Street in Yakima, Washington and asked him for a ride to the auto parts store at 305 N 5th Avenue in Yakima, Washington and then left with the Defendant and Jensen after the robbery.

J.H. was interviewed by a Yakima Police Department detective and identified several items photographed from outside of Johnson's Ford Explorer as belonging to him, including a tool kit and white tub of degreaser, and a pair of

Plea Agreement                    7

black slippers belonging to K.S. J.H. told the detective that his car had also contained some auto detailing tools, including a buffer, and his car keys. J.H. specified that his cell phone was a Cool-Pad Android phone.

Police executed a search warrant on Johnson's Ford Explorer. Police recovered from Johnson's Ford Explorer a Cool-Pad Android cell phone, a tub of degreaser, black slippers, the keys to J.H.'s Honda Accord, a tool kit, a car buffer, and a Ruger 10-22 .22LR caliber rifle bearing serial number 242-44238, among other items.

The Defendant knowingly and willingly participated and aided and abetted Johnson, Martinez, and Jensen in the taking of J.H.'s 1996 Honda Accord, that had been transported, shipped and received in interstate and foreign commerce, from J.H. by force, violence and intimidation, with the intent to cause death and serious bodily harm if needed. The Defendant took an affirmative act in furtherance of the above detailed carjacking as described above, with the intent of facilitating the commission of the carjacking; and brandished a firearm, a Ruger 10-22 .22LR caliber rifle bearing serial number 242-44238, in furtherance of the carjacking.

6. <u>The United States Agrees:</u>

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Second Superseding Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing. The United States further agrees to dismiss Count 2 of Second Superseding Indictment, solely as it relates to the Defendant, and Counts 3 and 5 of the Second Superseding Indictment.

7. <u>United States Sentencing Guideline Calculations:</u>

The Defendant understands and acknowledges that the United States

Plea Agreement                    8

Sentencing Guidelines (hereinafter "U.S.S.G.") are advisory to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

*Count 1 – Felon in Possession of a Firearm and Ammunition*

Solely with respect to Count 1 of the Second Superseding Indictment:

(a.)    Base Offense Level:

The United States and the Defendant have no agreement as to the base offense level.

(b.)    Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; and accepts this Plea Agreement, the United States will the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).  The Defendant and the United States agree that the United States may at its option, and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

*Count 4 – Brandishing a Firearm in Furtherance of a Crime of Violence*

Solely with respect to Count 4 of the Second Superseding Indictment:

The United States and the Defendant agree that the guideline sentence for Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), is the minimum term of imprisonment

Plea Agreement                           9

required by 18 U.S.C. § 924(c)(1)(A)(ii); i.e. 7 years of imprisonment.

8. <u>Criminal History:</u>

The United States and the Defendant understand that the Defendant's criminal history computation ultimately will be determined by the Court after review of the Presentence Investigation Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

9. <u>Incarceration:</u>

The United States and the Defendant agree to recommend a term of imprisonment of 7 years for the Defendant's commission of Brandishing a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), as charged in Count 4 of the Second Superseding Indictment.

The United States agrees to recommend a term of imprisonment equal to the low-end of the guideline sentence as calculated pursuant to the U.S.S.G. for the Defendant's commission of Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), as charged in Count 1 of the Second Superseding Indictment, with such sentence to run consecutively to any sentence imposed for the Defendant's commission of Brandishing a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), as charged in Count 4 of the Second Superseding Indictment; provided that, the United States will recommend no greater than 10 years aggregate sentence of imprisonment.

The Defendant may recommend any lawful sentence for the Defendant's commission of Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), as charged in Count 1 of the Second Superseding Indictment.

10. <u>Criminal Fine:</u>

Plea Agreement                    10

The United States and the Defendant have made no agreement as to any criminal fine to be imposed.

11.  Supervised Release:

The United States and the Defendant agree to recommend that the Court impose a five (5) year term of supervised release.

12.  Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $200 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13.  Payments While Incarcerated:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14.  Additional Violations of Law Can Void Plea Agreement:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

15.  Judicial Forfeiture:

The Defendant, Orlando Raul Rodriguez, agrees to voluntarily forfeit any and all right, title and interest he has in the following listed assets in favor of the United States:

-       a Ruger 10-22 .22LR caliber rifle bearing serial number 242-44238;
-       14 rounds of Remington .22 mm caliber ammunition;

Plea Agreement                              11

- a Ruger SR9C 9mm pistol bearing serial number 332-01131;
- 8 rounds of Cascade Cartridge Inc., Blazer 9mm caliber ammunition;
- 15 rounds of Winchester, Luger 9mm caliber ammunition; and,
- 23 rounds of Federal, Luger 9mm caliber ammunition

The Defendant acknowledges that the firearms and ammunition covered by this agreement are subject to forfeiture as property facilitating or involved in illegal conduct in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). as set forth in Count 1 of the Second Superseding Indictment and/or in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii); as set forth in Count 4 of the Second Superseding Indictment, and are therefore forfeitable to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

The Defendant agrees to take all steps as requested by the United States to pass clear title to the firearms to the United States and to testify truthfully in any forfeiture proceeding.

The Defendant agrees to hold all law enforcement and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset(s) covered by this agreement. Defendant consents to the forfeiture and disposal of assets without further notice.

The Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

Plea Agreement                    12

//

16.    Restitution:

The United States and the Defendant stipulate and agree that, pursuant to 18 U.S.C. §3663, §3663A, and §3664, the Court shall order restitution for any and all damaged property, and medical expenses and/or related professional services, in an amount not to exceed $10,000.00, to all victims caused by the Defendant's individual conduct in exchange for the United States not bringing additional potential charges, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this Plea Agreement.

(a)    Restitution Amount and Interest

The parties hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 3663A and 3664, the Court should order restitution in an amount to be determined at or before sentencing.  The interest on this restitution amount, if any, should be waived.

(b)    Payments

To the extent restitution is ordered, the parties agree the Court will set a restitution payment schedule based on her financial circumstances. See 18 U.S.C. § 3664(f)(2), (3)(A). That being said, Defendant agrees to pay not less than 10% of her net monthly income towards his restitution obligation.

(c)    Treasury Offset Program and Collection

Defendant understands the Treasury Offset Program collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. See 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Plea Agreement                    13

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. See 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

(d)    Notifications and Waivers

The Defendant agrees to notify the Court and the United States of any material change in her economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect her ability to pay restitution. See 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

The Defendant agrees to notify the United States of any address change within 30 days of that change. See 18 U.S.C. § 3612(b)(1)(F). This obligation ceases when the restitution is paid-in-full.

Defendant acknowledges that the Court's decision regarding restitution is final, non-appealable so long as it does not exceed $10,000.

17.  Effect on Immigration Status:

The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty.  Indeed, due to the charge to which Defendant is pleading guilty, removal is presumptively mandatory for non-citizens. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty if he is a non-citizen, no one, including his

Plea Agreement                    14

attorney or the Court, can predict with absolute certainty the effect of his conviction on his immigration status, if any. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty if he is a non-citizen.

18. Appeal Rights

The Defendant expressly waives his right to appeal any aspect of his conviction and sentence imposed by the Court. The Defendant expressly waives his right to appeal any order of restitution so long as the order of restitution does not exceed $10,000.00. Furthermore, the Defendant expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

The Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the conviction or sentence in this case, except for ineffective assistance of counsel as noted above. If the Defendant files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this agreement, the Defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the government to withdraw from the Plea Agreement.

19. Integration Clause:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the

Plea Agreement                    15

United States and the Defendant concerning the resolution of the case.  This Plea
Agreement is binding only upon the United States Attorney's Office for the
Eastern District of Washington, and cannot bind other federal, state or local
authorities.  The United States and the Defendant agree that this agreement cannot
be modified except in a writing that is signed by the United States and the
Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for
the Eastern District of Washington.

Joseph H. Harrington
Acting United States Attorney

Todd M. Swensen                                    6/22/21
Assistant United States Attorney            Date

I have read this Plea Agreement and have carefully reviewed and discussed
every part of the agreement with my attorney.  I understand and voluntarily enter
into this Plea Agreement.  Furthermore, I have consulted with my attorney about
my rights, I understand those rights, and I am satisfied with the representation of
my attorney in this case.  No other promises or inducements have been made to
me, other than those contained in this Plea Agreement, and no one has threatened
or forced me in any way to enter into this Plea Agreement.  I am agreeing to plead
guilty because I am guilty.

Orlando Raul Rodriguez                            6/22/2021
Defendant                                                Date

I have read the Plea Agreement and have discussed the contents of the

Plea Agreement                          16

agreement with my client.  The Plea Agreement accurately and completely sets
forth the entirety of the agreement between the parties.  I concur in my client's
decision to plead guilty as set forth in the Plea Agreement. There is no legal reason
why the Court should not accept the Defendant's plea of guilty.

_____                    6/22/21
Craig Webster                                       Date
Attorney for the Defendant

Plea Agreement                    17